UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WESLIE MARTIN,<br><br>      Plaintiff,<br> v.<br>STATE OF NEVADA, *et al.*<br><br>      Defendants, | Case No. 3:21-cv-00199-MMD-WGC<br><br>ORDER |

On May 4, 2021, the Court issued an order directing *pro se* Plaintiff Weslie Martin to file a complete application to proceed *in forma pauperis* or pay the full $402.00 filing fee on or before July 6, 2021. (ECF No. 4.) On May 6, 2021, Martin filed a one-page financial certificate that was not on the Court's approved form. (ECF No. 5.) The July 6, 2021 deadline has now expired, and Martin has not filed a complete application to proceed *in forma pauperis* or paid the full $402.00 filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*,

///

///

833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Martin to file a complete application to proceed *in forma pauperis* or pay the full $402.00 filing fee on or before July 6, 2021 expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before July 6, 2021, this case will be subject to dismissal *without prejudice* for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is has all three documents needed to file a complete application to proceed *in*

1 *forma pauperis* or pays the the full $402 filing fee." (ECF No. 4 at 3.) Thus, Martin had adequate warning that dismissal would result from noncompliance with the Court's order to file a complete application to proceed *in forma pauperis* or pay the full $402.00 filing fee on or before July 6, 2021.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Weslie Martin's failure to file a complete application to proceed *in forma pauperis* or pay the full $402.00 filing fee in compliance with the Court's order dated May 4, 2021. (ECF No. 4.)

The Clerk of Court is directed to close this case and enter judgment accordingly. No other documents may be filed in this now-closed case.

DATED THIS 15th Day of July 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE